FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUN 2 1 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | |
|---|---|
| JAMES R. WALL, VICKIE L. WALL and JAMES W. BAGBY, and JAMES RASCHEL, individually and on behalf of themselves and as representatives of a class of all others similarly situated, § § § § § § | |
| Petitioners, § § | |
| v. § § | CIVIL ACTION 11-cv-486 |
| THE PALMER FIRM, P.C., ROBERT ANCEL PALMER, III, THE SEIDEMAN LAW FIRM, P.C., SCOTT R. SEIDEMAN, and LEXXIOM, INC. § § § § § | |
| Respondents. § | |

## ORDER OF CONFIRMATION AND JUDGMENT

The Court has considered the parties' Joint Application for Confirmation of Arbitration Award and Entry of Judgment Thereon and any related briefing and argument. The Court concludes that confirmation of the award is proper and that the parties' application should be GRANTED. It is therefore ORDERED, ADJUDGED and DECREED that:

(1) The arbitration award attached as Exhibit 3 to the parties' application is CONFIRMED; and

(2) Judgment is entered consistent with the arbitration award. This judgment is final.

SIGNED this the _21_ day of _June_, 2011.

_____
PRESIDING JUDGE

IN THE MATTER OF
ARBITRATION BETWEEN

| | |
|---|---|
| JAMES R. WALL, VICKIE L. WALL, §<br>JIMMY W. BAGBY and JAMES RASCHEL, §<br>individually and §<br>on behalf of themselves and as §<br>Representatives of a Class §<br>of all others similarly situated, §<br>§<br>Claimants, §<br>§<br>v. §<br>§<br>THE PALMER FIRM, P.C. , §<br>ROBERT ANCEL PALMER, III, §<br>THE SEIDEMAN LAW FIRM, P.C., §<br>SCOTT SEIDEMAN and LEXXIOM, INC., §<br>§<br>Respondents. § | ARBITRATOR<br><br>ALAN W. HARRIS<br>325 N. St. Paul, Suite 2700<br>Dallas, Texas 75201<br>(214) 965-8207 (T)<br>(214) 965-8209 (F)<br>alan@aharrislaw.com |

## FINAL AWARD AND ORDER OF DISMISSAL

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Arbitrator having considered the Settlement Agreement, the Amendment to Class Action Settlement Agreement, all papers filed and proceedings had herein and all arguments presented in connection with the Settlement Hearing and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.     The Arbitrator, for purposes of this Final Award and Order of Dismissal ("Final Award"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

2.      The Arbitrator has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Class and the Respondents.

3.      The Arbitrator previously entered Findings of Fact and Conclusions of Law on June 8, 2011, which are incorporated by reference in this Final Award.

4.      The Arbitrator finds that the distribution of the notice provided for in the Order Granting Preliminary Approval of the Settlement constituted the best notice practicable under the circumstances to all Persons within the definition of the National Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the National Class was adequate.

5.      The Arbitrator finds that the Parties complied with the notice requirements of the Class Action Fairness Act, 28 U.S. C. § 1715.

6.      The Arbitrator finds in favor of settlement approval. All Class Members are entitled to receive services as provided in the Class Action Settlement Agreement and its Amendment, including:

Plan

a      With the approval of the Class Action Settlement:

    i      Each Class Member will be provided an opportunity to receive the following services:

        1      Department-of-Justice-approved Debtor Education and Counseling for no charge; and

        2      If desired, Bankruptcy Consultation with Provider at no charge. If the Class Member elects to file for bankruptcy, the Class Member will also be entitled to:

> > > i      Department-of-Justice-approved on-line pre-bankruptcy counseling at no charge, and
> > >
> > > ii      Department-of-Justice-approved on-line bankruptcy debtor education at no charge.
> >
> > 3      In addition to the benefits described above, all Class Members are entitled to obtain a one-year subscription for Personal Finance Counseling free of charge from a reputable provider of such counseling chosen by the Respondents, including educational materials similar to those offered in pre-discharge bankruptcy debtor education, budget calculation, educational materials regarding the proper use of credit and the factors that influence prudent borrowing decisions; and
> >
> > 4      A no-charge consultation with a consumer credit counseling company chosen by the Respondents.
>
> ii      Each Class Member who is a current client of The Palmer Firm, P.C. or The Seideman Law Firm, P.C. (referred to here as "ETCs") will be charged for continued Work Out services under their respective Legal Services Agreement with The Palmer Firm, P.C. or The Seideman Law Firm, P.C., as follows:
>
> > 1      $65.00 per month for each month after the Plan becomes effective, and ending when the Work Out is successfully concluded or ETC elects to terminate efforts to complete the Work Out, or the Work Out or Plan are concluded by either of their terms.
> >
> > 2      Settlement fees will be charged in the (reduced) amount of 29% of the difference between the amount claimed by a creditor and the amount paid in settlement of the claim.
> >
> > 3      No additional fees will be charged, with the exception of a $25.00 charge per NSF transactions.
> >
> > 4      If the current monthly payments or settlement fees being charged to an ETC under their Legal Services Agreement are lower than the monthly payments and settlement fees set forth above, then the lower monthly payment and settlement fee terms apply.

---

iii    Work Out will be performed by methods that are thought to be effective, to support credibility in relationships with Creditors, and to promote success in the Work Out process. However, there is no guarantee that ETC will achieve any specific or desired result.

iv    In the event that an ETC receives service of process during the Work Out regarding a matter in which the ETC is being represented by the Provider, ETC will be provided the opportunity for an attorney consultation at no additional charge. However, neither this Plan, the ETC's Legal Services Agreement, nor the Settlement obligates ETC, Provider, or any other party to perform legal services or enter into a legal-services agreement regarding any lawsuit filed against ETC.

v    In the event that an ETC is harassed by a Creditor or by a Debt Collector during the Work Out, and in the opinion of Provider the harassment is actionable, Provider will provide up to $250 in free legal representation to the ETC to deter the harassment, which may include but is not limited to: (1) contacting the harasser to demand that harassment cease; (2) writing a demand letter to harasser; and (3) counseling ETC about strategies to deter harassment. After the $250 limit of service is reached, Provider may require ETC to enter into new Legal Services Agreement to pursue the matter further. If the Provider enters a new Legal Services Agreement with a Class Member to pursue claim(s) under FDCPA or similar state laws, the Provider will refund $250 of its contingent fee interest in the matter to the Class Member in the event that a recovery is achieved.

b    At any time that an ETC is no longer participating in a Work Out and

i    terminates participation in this Plan, or

ii    is terminated by Provider for failure to participate in good faith,

then Provider will return any money held in trust for ETC.

c    All Class Members who are current clients of The Palmer Firm and who elect the Enhanced Terms Option will be required to sign the Consent to Associate attached to the Settlement Agreement as Exhibit E. Any Class Member who is a current client of The Palmer Firm who does not

sign the Consent to Associate will be deemed to have accepted the terms of the Consent to Associate by remaining in the Class.

d        Except as amended, altered, or contradicted by this Plan, all other aspects of the Legal Services Agreements between ETC and The Palmer Firm, PC or Robert Palmer and between ETC and The Seideman Law Firm, P.C., or Scott Seideman will remain in full force and effect. In order to prevent serial litigation, this paragraph specifically includes, but is not limited to, the provision for binding arbitration of disputes pursuant to the Federal Arbitration Act.    Further, ETC agrees that such arbitration provisions will also apply to any disputes ETC may have with Provider that arise out of or are in any way related to this Plan and the activities contemplated by this Plan or Settlement.

## Plan Operation

### Plan Provider

i        Provider will fulfill Plan as follows:

1        Continue to hold ETC's funds in Trust Account.

2        Represent ETC for purposes of seeking Work Outs with Creditors.

a        Provider will communicate with Creditors of ETC.

b        Provider will communicate and work with ETC.

3        In the event of termination of Work Out, transfer to ETC funds held in trust, if any

4        Provide opportunities for ETC to receive bankruptcy consultation, as needed.

5        Provide opportunities for ETC to receive attorney consultation at no charge in the event ETC receives service of process from a Creditor before Work Out is completed.

6        In the event that an ETC is harassed by a Creditor or by a Debt Collector during the Work Out, and in the opinion of Provider the harassment is actionable, Provider will provide up to $250 in free legal representation to the ETC to deter the harassment, which may include but is not limited to:

(1) contacting the harasser to demand that harassment cease; (2) writing a demand letter to harasser; and (3) counseling ETC about strategies to deter harassment. After the $250 limit of service is reached, Provider may require ETC to enter into new Legal Services Agreement to pursue the matter further. If the Provider enters a new Legal Services Agreement with a Class Member to pursue claim(s) under FDCPA or similar state laws, the Provider will refund $250 of its contingent fee interest in the matter to the Class Member in the event that a recovery is achieved.

7   Offer other assistance and representation as requested by ETC or when Provider believes it will promote Work Outs, provided, however:

    a   Provider has no obligation to take on legal representation of ETC in addition to seeking Work Out, except as provided above.

    b   ETC has no obligation to have Provider represent ETC for matters other than Work Out.

    c   Provider may choose to require ETC to pay additional fees for representation of ETC in any matters other than Work Out, except as provided above.

    d   Any representation for matters other than Work Out will occur only after completion of a signed written agreement for the additional legal services, except as provided above.

8   Work Out is completed when all Creditors have been satisfied, or when ETC or Provider terminates the Work Out.

ii   Work out is accomplished by:

1   Contacting Creditors for general discussion of the Plan and explanation of Work Out, then

2   Submission of Work Out documentation for ETC to Creditors

---

3      Conclusion of agreements for resolution.

iii      Clients that remove themselves from program, when possible will be

1      Counseled, and

2      Provided opportunity for bankruptcy consultation as previously described herein.

7.      The Arbitrator approves the settlement for The Palmer Firm, P.C., Robert Ancel Palmer III, The Seideman Law Firm, P.C., Scott Seideman, and Lexxiom, Inc. in the above-captioned action, as set forth in the Settlement Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement, as amended.

8.      The objections to the Settlement filed by Mary Louise Morales, John Heberlein, Alexander and Fay Gaspari, and Elizabeth Wells are overruled.

9.      Except as to any individual claim of those persons (identified in Attachment A hereto) who have validly and timely requested exclusion from the Class, all of the Released Claims against the Respondents are dismissed with prejudice as to the Class Representatives and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement.

10.      Solely for purposes of effectuating this settlement, this Arbitrator has certified a class of all Members of the Class, as that term is defined in and by the terms of the Settlement Agreement.

11.      With respect to the Rule 23 Class and for purposes of approving this settlement only, this Arbitrator finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined community of

interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representatives James R. Wall, Vickie L. Wall, Jimmy W. Bagby and James Raschel are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representatives have fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for the Class Representatives, i.e., Class Counsel, is qualified to serve as counsel for the plaintiffs in their individual capacity and representative capacities and for the Rule 23 Class.

12.     By the Final Award, the Class Representatives release, relinquish and discharge, and each Member of the Class shall be deemed to have, and by operation of the Final Award shall have, fully, finally, and forever released, relinquished and discharged all Released Claims (including unknown claims, notwithstanding Cal. Civ. Code § 1542), which include any and all claims seeking statutory damages, demands, rights, liabilities and causes of action of every nature and description whatsoever, whether known or unknown, whether or not concealed or hidden, against the Palmer Respondent Releasees, the Seideman Respondent Releasees, and the Lexxiom Respondent Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date, and that relate in any way to the provision of services under the Palmer Legal Services Agreement or the Seideman Legal Services Agreement.

13.     "Released Claims" means, collectively, any and all claims seeking real, compensatory, punitive, or statutory damages or disgorgement of fees, or restitution, declaratory or injunctive relief, including Unknown Claims as defined in the Settlement Agreement and herein, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, whether or not concealed or hidden, against the Palmer

Releasees, the Seideman Releasees, or Lexxiom Releasees, or any of them, that accrued at any time on or prior to the Preliminary Approval Date, and that relate in any way to either the provision of services under a Palmer Legal Services Agreement, a Seideman Legal Services Agreement, or a conspiracy by any or all of the Respondents to commit any tort or violate any federal or state law(s) or statute(s), including, but not limited to, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, California Business and Professions Code §§ 17200 et seq., and/or California Civil Code §§ 1750 – 1784, during the course of any party providing or offering to provide services like those described in a Palmer Legal Services Agreement or Seideman Legal Services Agreement.

14.     "Unknown Claims" means any Released Claims which the Class Representatives or any Class Settlement Member do not know or suspect exist in his or her favor at the time of the entry of the Final Award, and which, if known by him or her might have affected his or her settlement with and release of the Palmer Respondent Releasees, the Seideman Respondent Releasees or the Lexxiom Respondent Releasees. The Class Representatives and each Class Settlement Member may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but the Class Representatives and each Class Settlement Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Award shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or

existence of such different or additional facts. The Class Representatives specifically waive, and the Class Settlement Members shall be deemed by operation of the Final Award to have specifically waived, any protection under California Civil Code Section 1542. The Class Representatives acknowledge, and the Class Settlement Members shall be deemed by operation of this Final Award to have acknowledged, that the foregoing waiver of claims and of California Civil Code Section 1542 were separately bargained for and a key element of the Settlement Agreement of which this release is a part.

15.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Palmer Respondent Releasees, the Seideman Respondent Releasees, and the Lexxiom Respondent Releasees; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Palmer Respondent Releasees, the Seideman Respondent Releasees, and the Lexxiom Respondent Releasees in any civil, criminal or administrative proceeding in any Arbitrator, administrative agency or other tribunal.   The Palmer Respondent Releasees, the Seideman Respondent Releasees, and the Lexxiom Respondent Releasees may file the Settlement Agreement and/or the Final Award from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16.     The only Settlement Class Members entitled to relief pursuant to this Final Award are Participating Claimants.  Neither the Settlement Agreement nor this Final Award will result in the creation of any unpaid residue or residual.

17.     The Respondents have agreed to pay Class Counsel reasonable attorneys' fees in this matter as well as certain allowable costs in this matter.  The total amount of the reasonable attorneys' fees and allowable costs to be paid by Respondents to Class Counsel is one million two hundred sixty thousand dollars ($1,260,000).  Respondents are ordered to pay this total amount as follows:  (1) two hundred thirty-five thousand dollars ($235,000) within five (5) business days after the Effective Date of the Settlement Agreement; (2) one million twenty-five thousand dollars ($1,025,000) in twelve equal monthly installments of eighty-five thousand four hundred sixteen dollars and sixty-seven cents ($85,416.67) beginning on the fifth day of each month following the Effective Date of the Settlement Agreement.  Respondents are jointly and severally liable for payment of reasonable attorneys' fees and allowable costs as set out in this paragraph.  The Arbitrator finds that these payments are fair and reasonable.  The Respondents are directed to make such payments in accordance with this provision and the terms of the Settlement Agreement.

18.     The Arbitrator reserves exclusive and continuing jurisdiction over the Litigation, the Class Representatives, the Settlement Class and the Respondents for the purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Final Award.

19.     This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure, and the Parties may seek confirmation of this judgment pursuant to the Federal Arbitration Act, 9 U.S.C.§ 9.

20.     Counsel for Claimants or Respondents shall provide a copy of this Final Award and Order of Dismissal to all parties that filed objections in this arbitration proceeding.

21.     This proceeding is terminated and closed.

IT IS SO ORDERED.

DATED:  _June 9, 2011_

_____
ALAN W. HARRIS, ARBITRATOR

ATTACHMENT "A" – CLASS MEMBERS REQUESTING EXCLUSION

| NAME & ADDRESS | ACCOUNT # |
|---|---|
| 1.  Donald Foreman<br>453 _____?<br>Liverpool PA  17045 | 6006605 |
| 2.  Freddie L. Shelley<br>624 Bernard Street<br>Union Springs AL  36089 | 6066395 |
| 3.  Costenia L. Davie<br>622 Bernard Street<br>Union Springs AL  36089 | 6057847 |
| 4.  Neta & Don Reed<br>64A. Engh Road<br>Omak WA  98841 | 6047868 |
| 5.  Roxann Helmig<br>P.O. Box 352<br>Karnak IL  62956 | 6035088 |
| 6.  George H. Gifford<br>P.O. Box 463<br>Miles TX  76861 | 6030977 |
| 7.  Katherine L. Spencer<br>235 Pleasant Park Ct NW Lot #56<br>Warren OH  44481-9442 | 6021041 |
| 8.  Edward R. Garverick<br>17621 W. Picacho Rd #1<br>Marana AZ  85653-9720 | 6063231 |
| 9.  Tara Shipley<br>P.O. Box 647<br>Entiat WA  98822 | 6018397 |
| 10.  Mary L. Deck<br>432 Low Gap Road<br>Danville WV  25053-9673 | 6009753 |

11. Samuel Cutshall                                          6049159
    2735 Corybrooke Lane
    Kissimmee FL  34744

12. Inel Atkinson                                            6003611
    1250 FM 2941
    Dickens TX  79229-4005

13. Maria Farfan                                             Unknown
    3736 N Winthrop Ave.
    Chicago IL  60660

14. Joanne & Richard Taylor                                  Unknown
    1303 Hazel St.
    Salisbury MD  21804-4527

15. Roderick S. and Frances M. McBroom                       Unknown
    55 Aaron Drive
    Richland WA 99352

16. Richard W. Wendell                                       Unknown
    306 Sproce Ave.
    Altoona PA  16601

17. Verdo M. & Charles E. Ivy                                6061982
    3223 Hallett Lane
    Memphis TN  38119-9048

18. Mathilde S. & Billy J. Grant                             Unknown
    5003 Rustic Ridge
    San Antonio, TX 78228

19. Martha J. Norton                                         Unknown
    56 Harper Road
    Carrollton GA  30117-8788

20. David John, Sr.                                          Unknown
    P.O. Box 310
    5073 HCR 33
    Gallup NM  87305

21. William H. Travis, III & Dee Travis                      6064709
    1215 Sedeeva Cir. N.
    Clearwater FL  33755

22. Juanita Gentry                                6041927
    2206 Dozier St.
    Gadsen AL35904

23. Earl Willie Carter                            Unknown
    no address

24. Janet & William Allen                         Unknown
    P.O. Box 685
    East Bridgewater MA  02333

25. Melinda G. & Michael D. Jordon                Unknown
    129 Stake Drive
    Punxsutawney PA15767

26. Gail Wermer                                   6057392
    580 Willis Ave, 2E
    Williston Park, NY  11596

27. Opal Browder                                  6007661
    P.O. Box 713
    Zephyr TX  76890

28. Robert & Patrice Elliott                      6061898
    118 Walker Street
    Gardnerville NV  89410

29. Leticia O. Vidallo                            Unknown
    85 W. 5th Ave. Apt 205
    San Mateo CA  94402-2035

30. Betty Bailey                                  Unknown
    2554 Independence Apt 4
    Cape Girardeau MO  63701

31. Greg Milkowich                                Unknown
    804 S. Jefferson St., Apt #4
    Allentown PA  18103

32. Mary Ann Varner                               Unknown
    601 6th Street, Apt 704
    McKeesport PA  15132

33. Dianna Owens                                  6041450
    2116 Cedar Street
    Pueblo CO  81004

34. Joan Ottenstein                                    6024831
    2603 SW 10th St., Apt 366
    Ocala FL  34471

35. Gail and Ed Carl-Lee                               6045639
    P.O. Box 36
    Ida AR  72546

36. Frankie and Marion Watson                          6042383
    P.O. Box 1359
    Bogalusa LA  70429

37. Charles Crone, Sr.                                 6008655
    3785 Bear Road
    York PA  17406-8471

38. Ricky J. Needham                                   6027837
    15 Eldad Lane
    Trenton TN  38382

39. Roberta Clift                                      Unknown
    P.O. Box 506
    Grayland WA  98547

40. Lorraine Clark                                     6012067
    2200 Cleveland Ave.; Apt 231
    Midland MI  46840

41. Charles Rickard                                    6004102
    630 Akers,
    Burkburnett, TX 76354

42. Ruth A. Beir                                       Unknown
    9379 Cottonwood N.E.
    Bemidji, MN 56601

43. Michael W. Pillins                                 Unknown
    Box 1124
    Huntington, UT  84528

44. Yanel Guerrero                                     60339122
    1654 Sheap Road
    Franklin Grove, IL 61031

45. Peggy Ann Burke                                    6065039

3290 S. Bluff Dr.
Syracuse, UT 84075

46. JoseFina Otero                                          6046850
    Edgardo Gonzalez
    Box 868
    Millbrook, NY 12545

47. Richard W. Allen                                        6060042
    2 Windy Hill Circle
    Fairport, NY 14450

48. Carrie Walsh                                            Unknown
    810 N. First St.
    Palmyra, WI 53156

49. Timothy & Brenda Simmons                                6061718
    31 Simmonville Ln.
    Greenville, VA 24440

50. Anita Briscoe                                           6013490
    412 W. Morgan St.
    Tipton, MO 65084

51. Vista Charlotte Gagne                                   6018466
    94 Page Rd.
    Litchfield, NH 03052

52. Mary Hannan                                             6016280
    1256 W. 2nd St.
    Otumwa, IA 52501

53. Wanda Philpott                                          6036190
    822 S. 13th St.
    Richmond, IN 47374

54. Karan Gauldin                                           6022791
    1107 Virginia Ave.
    Talladega, AL 35160

55. James and Carolyn Culpepper                             Unknown
    c/o Wayne Walls, Bankruptcy Trustee
    900 S. Gay St., Suite 2200
    Knoxville, TN 37902

56. Nancy M. Aquilla                                        6050463

4 North Ellamount St.
Baltimore, MD 21229

57. Jason L. Meshke                                          6054407
    11000 16th Ave SE Apt 903
    Everett, WA 98208

58. Ada W. Jones                                             6043122
    101 Shadowood Trail
    Hopkinville, KY 42240

59. Billy & Audrey Brewer                                    6020487
    2190 Boxville Rd.
    Morganfield, KY 42437

60. Dan Kiebiecek                                            Unknown
    110 42nd Road Lat 3
    Columbus, NE 68601-9417

61. Dee B. Edwards                                           Unknown
    8787 Orion Place
    Columbus, OH 43240

62. Richard L. Davis                                         6006455
    813 Helton St.
    Bluefield, WV 24701

63. Tricia Sanaghan                                          6063022
    403 S. Locust St.
    Winfield, IA 52659

64. Marvin F. Simpson                                        6059024
    1913 Busch Ct.
    Ft. Collins, CO 80525

65. John V. Tufaro                                           6058588
    20 North St.
    Bloomsbury, NJ

66. Christopher N. Smith                                     6026249
    2755 N. Hannon Ranch Rd.
    Bisbee, AZ 85603

67. Robert P. Hervela                                        Unknown
    675 P. Hervea
    Johannesburg, MI 49751

68. Regina M. Caltabiano                                    6036942
    405 Cohwakin Rd.
    Sewell, NJ 08080

69. Richard E. Dalton, Jr.                                  Unknown
    1307 Wisconsin Ave.
    Pittsburgh, PA 15216

70. Luana R. Darnell                                        6004812
    347 South Union
    Galion, OH 44833

71. Gloria S. Ormuz                                         6050736
    440 Cunat Blvd., Unit 2G
    Richmond, IL 60071-8919

72. Lucila V. Cedron                                        6057394
    83-06 Vietor Ave., Apt 40
    Elmhurst, NY 11373

73. Marilyn B. Celada                                       Unknown
    5407 Storm King
    Cibolo, TX 78108

74. James C. Regione                                        Unknown
    Box 241
    Sharon, VT

75. Jacqueline A. Collins                                   6057664
    10 Middle St.
    West Warwick, RI 02893

76. Barbara Jacobs                                          Unknown
    266 Woodworth Ave.
    Yonkers, NY 10701

77. Joann Emily Macomb                                      Unknown
    7501 W. 101st St., Apt 114
    Minneapolis, MN 55438-2519

78. Jeffrey Gardner & Beverly Gardner                       6038382
    RR 1, Box 164
    Mt. Sterling, IL 623453

79. Patricia & Lawrence Haemon                              6056132

RR 3, Box 155H
Kahoka, MO 63445

80. Margaret Scalisce                                    Unknown
    427 Davis Ave.
    Staten Island, NY 10310-2152

81. Deborah Landphere                                    6026264
    326 Hong Kong Rd.
    Pulaski, NY 13142

82. Melissa L. Nordin                                    Unknown
    569 S. Almond St.
    Fall River, MA 02724

83. Dianne Heins                                         6010367
    33047 Kennedy Dr., Apt 3208
    Fraser, MI 48026

84. Regina M. Catabiano                                  6036942
    405 Cohawkin Rd.
    Sewell, NJ 08080

85. Beverly Luzier                                       6029475
    c/o Lonnie C. Hill, Attorney
    47 North Third St.
    Lewisburg, PA 17837-1501

86. Geraldine Guilbeault                                 Unknown
    218 Eastown Dr., Apt 219
    Wapakoneta, OH 45895-1767

87. Shirley M. Evans                                     Unknown
    348 Tiptoe Rd.
    Yanceyville, NC 27379

88. Martha Naylor                                        6008850
    4527 W. Bellview Rd.
    Columbia, MO 65203

89. Sandra Bradbury                                      Unknown
    No address

90. Mary E. Simpson                                      6059024
    1913 Busch Ct.
    Ft. Collins, CO 80525

91. Betty J. Davis                                6006455
    813 Helton St.
    Bluefield, WV 24701

92. Mary Regione                                  Unknown
    P. O. Box 241
    Sharon, VT 05065

93. Ross Heins                                    6010367
    13754 Grey
    Warren, MI 48089